UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC,<br><br>          Plaintiff,<br><br>vs.<br><br>ROBERTO E. STEVEN et al.,<br><br>          Defendants. | 2:15-cv-01128-RCJ-CWH<br><br>ORDER |

This case arises out of competing foreclosure sales of the same property. Pending before the Court is a Motion to Dismiss (ECF No. 14). For the reasons given herein, the Court denies the motion.

## I.  FACTS AND PROCEDURAL HISTORY

On or about August 2, 1993, Defendants George and Marie Cooper acquired title to real property located at 1901 Fan Fare Drive, Las Vegas, Nevada, 89032 (the "Property"). (Compl. ¶¶ 12, 17, ECF No. 1-1). Non-party Durable Homes, Inc. recorded a first deed of trust (the "DOT") against the Property, and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") later became the beneficiary of the DOT, re-recording it, as modified, on or about August 19, 2003. (*Id.* ¶¶ 20–22). The Property has been subject to recorded Covenants, Conditions, and Restrictions ("CC&R") since before the DOT was first recorded. (*Id.* ¶¶ 12, 23).

The Coopers defaulted on their HOA dues, and non-party Hidden Canyon Owners Association (the "HOA") eventually conducted an HOA sale in accordance with state law on or about March 2, 2011, purchasing the Property itself for an unspecified amount. (*Id.* ¶¶ 12, 25–34). Prior to the sale, Wells Fargo had not assigned the DOT to Defendant Secretary of Housing and Urban Development (the "Secretary") or any other government agency or instrumentality. (*Id.* ¶ 43). Nor did the United States or any agency or instrumentality thereof possess any interest in the DOT or the Property. (*Id.* ¶ 44). On or about April 6, 2011, the HOA quitclaimed the Property to Plaintiff Las Vegas Development Group, LLC ("LVDG") for unspecified consideration. (*Id.* ¶¶ 55–56).

Wells Fargo and Defendant National Default Servicing Corp. ("NDSC") then foreclosed the DOT under state law, selling the property to the Secretary on November 23, 2011. (*Id.* ¶¶ 57–61). On March 2, 2012, the Secretary sold the Property to Defendant Roberto Steven. (*Id.* ¶ 62). Steven financed the Property via two mortgages from Defendant Evergreen Moneysource Mortgage Co. ("Evergreen"). (*Id.* ¶¶ 8, 63–64). One or more of Steven's mortgages has been transferred to Defendant US Bank National Association ("US Bank"). (*Id.* ¶¶ 9, 65).

Plaintiff sued defendants in state court for: (1) quiet title; (2) unjust enrichment; (3) equitable mortgage; (4) slander of title; and (5) conversion. Plaintiff seeks various equitable relief via the sixth and seventh nominal causes of action. The Secretary removed. Steven has moved to dismiss for failure to state a claim.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

1  (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action
2  that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule
3  12(b)(6) tests the complaint's sufficiency.  *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720
4  F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for
5  failure to state a claim, dismissal is appropriate only when the complaint does not give the
6  defendant fair notice of a legally cognizable claim and the grounds on which it rests.  *See Bell*
7  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is
8  sufficient to state a claim, the court will take all material allegations as true and construe them in
9  the light most favorable to the plaintiff.  *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th
10 Cir. 1986).  The court, however, is not required to accept as true allegations that are merely
11 conclusory, unwarranted deductions of fact, or unreasonable inferences.  *See Sprewell v. Golden*
12 *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).
13      A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a
14 plaintiff must plead facts pertaining to his own case making a violation "plausible," not just
15 "possible."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556)
16 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
17 draw the reasonable inference that the defendant is liable for the misconduct alleged.").  That is,
18 under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a
19 cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the
20 court can determine whether the plaintiff has any basis for relief under the legal theory he has
21 specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).  Put
22 differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and
23 conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor
24

premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported

claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and

allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324. At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.   ANALYSIS

Stevens asks the Court to dismiss, arguing that the HOA foreclosure sale violated the Property and Supremacy Clauses of the Constitution. He bases his argument upon his claim that although the Secretary did not own the Property at the time of the HOA foreclosure sale, the Property was insured by HUD at that time.

The constitutional arguments are affirmative defenses, not elements of any of the claims that must be pled. Because those defenses do not appear on the face of the Complaint, the Court may not dismiss based upon them. Even if the Court were to transform the motion into one for summary judgment, Stevens cannot prevail.[1] The evidence adduced by Steven is not sufficient for him to satisfy his initial burden on summary judgment because he would not be entitled to a directed verdict on the federal defenses if his evidence went uncontroverted at trial. The only two pieces of evidence adduced that might imply that the Property was insured by HUD at the time of the HOA foreclosure sale are the Coopers' 1993 DOT and the 2012 deed from the Secretary to Steven. But these pieces of evidence, alone or together, would not require a directed

---

[1] By attaching evidence to the motion and opposition, both sides have invited treatment of the motion under Rule 56, *see Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004), and Plaintiff is represented by counsel, obviating the strict notice requirements under *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1992).

verdict on the issue.  The 1993 DOT only implies that the Property was HUD-insured because a footer thereupon indicates it is a "NEVADA FHA DEED OF TRUST." (*See* DOT, ECF No. 14-1, at 2).  But such a form could potentially be used for any deed of trust, FHA or not, and whether insured by HUD or not.  The 2012 deed from HUD to Steven could also imply that the loan was insured by HUD at the time of the HOA foreclosure, because HUD issued the deed soon after Wells Fargo's foreclosure of the DOT, which itself was soon after the HOA foreclosure sale. (*See* Deed, ECF No. 14-1, at 29).  But this string of inferences is not enough to find that the Property was insured by HUD at the time of the HOA foreclosure sale.  There could be other reasons why HUD ended up with the Property and sold it to Steven.

If the Property was HUD-insured at the time of the HOA foreclosure sale, the Secretary will surely present evidence to prove it shortly.  Because the constitutional defenses do not appear on the face of the Complaint and because Steven has not satisfied his initial burden as to them under Rule 56, the Court will neither dismiss nor grant summary judgment at this time and need not yet address the merits of the constitutional defenses.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 14) is DENIED.

IT IS SO ORDERED.

Dated this 2nd day of September, 2015.

_____
ROBERT C. JONES
United States District Judge