# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>ROBERTO E. STEVEN et al.,<br><br>              Defendants. | 2:15-cv-01128-RCJ-CWH<br><br>**ORDER** |

This case arises out of competing foreclosure sales of the same property. Pending before the Court is a Motion to Dismiss (ECF No. 36). For the reasons given herein, the Court grants the motion.

## I.     FACTS AND PROCEDURAL HISTORY

On or about August 2, 1993, Defendants George and Marie Cooper acquired title to real property located at 1901 Fan Fare Drive, Las Vegas, Nevada, 89032 (the "Property"). (Compl. ¶¶ 12, 17, ECF No. 1-1). Non-party Durable Homes, Inc. recorded a first deed of trust (the "DOT") against the Property, and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") later became the beneficiary of the DOT, re-recording it, as modified, on or about August 19, 2003. (*Id.* ¶¶ 20–22). The Property has been subject to recorded Covenants, Conditions, and Restrictions ("CC&Rs") since before the DOT was first recorded. (*Id.* ¶¶ 12, 23).

The Coopers defaulted on their HOA dues, and non-party Hidden Canyon Owners Association (the "HOA") eventually conducted an HOA sale in accordance with state law on or about March 2, 2011, purchasing the Property itself for $3,780.82. (*Id.* ¶¶ 12, 25–34; Trustee's Deed Upon Sale, 2, ECF No. 37-8). Prior to the sale, Wells Fargo had not assigned the DOT to Defendant Secretary of Housing and Urban Development (the "Secretary") or any other government agency or instrumentality. (Compl. ¶ 43). Nor did the United States or any agency or instrumentality thereof possess any interest in the DOT or the Property. (*Id.* ¶ 44). On April 6, 2011, the HOA quitclaimed the Property to Plaintiff Las Vegas Development Group, LLC ("LVDG") for $5,000. (*Id.* ¶¶ 55–56; Quitclaim Deed, 2–4, ECF No. 37-9).

Wells Fargo and Defendant National Default Servicing Corp. ("NDSC") then foreclosed the DOT under state law, selling the property to the Secretary on November 23, 2011. (Compl. ¶¶ 57–61). On March 2, 2012, the Secretary sold the Property to Defendant Roberto Steven. (*Id.* ¶ 62). Steven financed the Property via two mortgages from Defendant Evergreen Moneysource Mortgage Co. ("Evergreen"). (*Id.* ¶¶ 8, 63–64). One or more of Steven's mortgages has been transferred to Defendant U.S. Bank National Association ("U.S. Bank"). (*Id.* ¶¶ 9, 65).

Plaintiff sued Defendants in state court for: (1) quiet title; (2) unjust enrichment; (3) equitable mortgage; (4) slander of title; and (5) conversion. Plaintiff seeks equitable relief via the sixth and seventh nominal causes of action. The Secretary removed. The parties stipulated to the dismissal of the Secretary. Wells Fargo has filed a motion to dismiss, to which Evergreen, Steven, and U.S. Bank join.

II.   **LEGAL STANDARDS**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

   A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory, but also must allege the facts of the plaintiff's case so that the court can determine whether the plaintiff has any basis for relief under the legal theory the plaintiff has specified or implied, assuming the facts are as the plaintiff alleges (*Twombly-Iqbal* review).

   "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

& *Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

A plaintiff must timely exhaust any administrative remedies before bringing a Title VII claim to court. *Lyons v. England*, 307 F.3d 1092, 1103-04 (9th Cir. 2002). However, failure to exhaust non-judicial remedies is generally treated as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212 (2007). The court should not dismiss a case based on an affirmative defense unless the elements of the defense appear on the face of the pleading to be dismissed. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Where an affirmative defense is not clear from the face of the complaint sought to be dismissed, it cannot be determined until (at least) the summary judgment stage; it cannot be treated as a quasi-summary-judgment matter under Rule 12(b). *Albino v. Baca*, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)).

**III.   ANALYSIS**

    **A.   Quiet Title**

Defendants raise four theories in support of their motion to dismiss the quiet title claim.

///

///

1. Property Clause and Supremacy Clause

Defendants argue that the HOA foreclosure sale violated the Property and Supremacy Clauses of the U.S. Constitution. They claim that although the Secretary did not own the Property at the time of the HOA foreclosure sale, it was insured by HUD at that time. In a prior motion to dismiss, Defendant Steven made the same argument, which the Court denied in an order on September 3, 2015. (*See* Order, ECF No. 15). As the Court stated in that order, Defendants' constitutional arguments are affirmative defenses that do not address elements of the claims that must be pled. Whether the Property was insured by HUD does not appear on the face of the Complaint; thus, the Court may not dismiss the case based on these affirmative defenses. Although Defendants attached evidence to their motion to dismiss, they do not invite treatment of the motion under Rule 56 because they seek judicial notice of the public documents they attached.[1] The Court denies the motion to dismiss on the basis of Defendants' Property Clause and Supremacy Clause arguments.

2. Commercial Unreasonableness of the Sale

> In addition to giving reasonable notice, a secured party must, after default, proceed in a commercially reasonable manner to dispose of collateral. Every aspect of the disposition, including the method, manner, time, place, and terms, must be commercially reasonable. Although the price obtained at the sale is not the sole determinative factor, nevertheless, it is one of the relevant factors in determining whether the sale was commercially reasonable. A wide discrepancy between the sale price and the value of the collateral compels close scrutiny into the commercial reasonableness of the sale.

---

[1] This approach differs from Steven's approach whereby he attached similar evidence without requesting judicial notice. The Court notes that even if Defendants had invited treatment under Rule 56, their attempt would be futile because the only evidence they offer beyond the Steven's motion is that the 1993 DOT includes an FHA case number. (*See* DOT, 2, ECF No. 37-1). While the presence of an FHA case number could indicate that the Property was insured by HUD, it still would not require a directed verdict because no evidence thus far shows what an FHA case number means or whether the Property was actually insured by HUD.

*Levers v. Rio King Land & Inv. Co.*, 560 P.2d 917, 919–20 (Nev. 1977) (citations omitted).

Defendants are not entitled to dismissal of LVDG's quiet title claim on the basis that the HOA foreclosure sale was commercially unreasonable. Whether the sale was commercially reasonable is a factual matter for summary judgment or trial. The Court will not rule purely on the (albeit undisputed) "gross disproportion between Plaintiff's purchase price . . . and the assessed value of the property today" because the Court (or a jury) must consider any competent evidence proffered as to the other factors. Some factual circumstance may account for the extremely low sale price, which would alleviate the concerns of commercial unreasonableness. No evidence currently before the Court would allow the Court to transform the present motion into one for summary judgment.

3. Due Process

Defendants argue that Nev. Rev. Stat. 116.3116 violates the constitutional right to due process because it does not require that notice of an impending HOA foreclosure sale be given to lenders whose junior liens might be extinguished through the sale. The Court finds that the Statute does not provide sufficient process and, thus, grants the motion based on the Due Process Clause of the Fifth Amendment.

The Court addressed this precise argument in a recent case. *See U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 5210523, at *6–13 (D. Nev. Sept. 3, 2015). In that case, the Court held that the Statute does not satisfy due process:

> Where US Bank's identity and address were readily obtainable—an issue that is not genuinely disputed—publication alone of the NOS was not a means such as one actually desirous of informing US Bank of the sale might reasonably have adopted. It is not constitutionally reasonable to require an interested party to monitor the public records for a NOS or to opt-in for notice of it. The constitutional standard is whether the person giving the notification made reasonable efforts to apprise the interested party of the proceeding under all the

>circumstances as if he actually wanted to notify him. That standard is not satisfied by the Statute.

*Id.* at *12. The Court also held that U.S. Bank had standing to bring its constitutional challenge because the Statute requires only that holders of a recorded security interest request or "opt-in" to receive notice of a foreclosure sale, and the defendants did not allege that notice of the foreclosure sale was mailed or otherwise delivered directly to U.S. Bank. *Id.* at *6. The Court granted the defendants leave to amend their counterclaim to allege that U.S. Bank was mailed a copy of the notice of sale or had actual knowledge of it. In addition, the Court concluded that the state action doctrine did not prevent it from addressing the due process argument because under the rule of *Shelley v. Kraemer*, 334 U.S. 1 (1948) (holding that the judicial enforcement of a racially restrictive covenant by a homeowner's association constituted state action) "this Court's enforcement of the state statutes via a declaration in accordance with the counterclaim would constitute government action under the Fifth Amendment." *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 5210523, at *9.

None of LVDG's arguments convince the Court it should rule otherwise in this case. LVDG is asking the Court to declare that it owns the Property free and clear of Wells Fargo's interest based on the HOA's compliance with the state statutes governing the notice process. LVDG's request invokes the power of the Court to enforce potentially constitutionally problematic state statutes against Wells Fargo, just as the neighboring homeowners in *Shelley* sought to invoke the power of the state courts to enforce the constitutionally problematic covenants against the Shelleys. *See Shelley*, 334 U.S. at 6.

Wells Fargo has standing to bring its constitutional challenge because LVDG does not allege that notice of the foreclosure sale was mailed or otherwise delivered directly to Wells Fargo. The Complaint includes these two allegations:

- "Upon information and belief, the Notice of Trustee's Sale was served upon the Former Owners, as well as all interested parties holding a security interest in the Property." (¶ 30);
- "Upon information and belief, Defendants had actual and/or constructive notice of the HOA foreclosure proceedings." (¶ 35).

These allegations are conclusory and lack specificity. The first allegation fails to mention Wells Fargo and does not necessarily include Wells Fargo as one of the "interested parties holding a security interest in the Property" because LVDG also alleges that "Wells Fargo's security interest in the Property, *if any*, was extinguished by the foreclosure." (Compl. ¶ 52) (emphasis added). In other words, LVDG alleges that Wells Fargo might not hold a security interest in the Property. The second allegation states that "Defendants had actual and/or constructive notice," meaning that Defendants might not have had actual notice, just constructive notice. These statements fail to allege that Wells Fargo received actual notice of the foreclosure sale. As a result, the Court dismisses LVDG's quiet title claim, with leave to amend the Complaint to allege that Wells Fargo was mailed a copy of the notice of sale or had actual knowledge of it.[2]

### B. Unjust Enrichment

Defendants move to dismiss LVDG's unjust enrichment claim for failure to state a claim.

Unjust enrichment exists when [1] the plaintiff confers a benefit on the defendant, [2] the defendant appreciates such benefit, and [3] there is acceptance and

---

[2] If Defendants amend their counterclaim to allege that US Bank had actual knowledge of the foreclosure sale, the Court expects the pleading to include some factual assertion that would allow a reasonable inference thereof.

> retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof.

*Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012) (quotation and citations omitted). The benefit "can include services beneficial to or at the request of the other, denotes any form of advantage, and is not confined to retention of money or property." *Id.* (quotation and citations omitted).

LVDG has not stated a claim upon which relief can be granted. LVDG claims that "Defendants will obtain substantial benefits from the funds and resources expended by the Plaintiff" "in connection with the acquisition and maintenance of the Property." (Compl. ¶¶ 90–91). These allegations are somewhat vague as to what benefit LVDG conferred on Defendants and how it was conferred on them. Still, if LVDG expended legitimate funds to maintain the property and does not quiet title in itself, then it has alleged that it conferred a benefit on Defendants that in equity belongs to LVDG because it maintained a property that served as the security for the debt owed to Wells Fargo. Wells Fargo would have sold the property without having to pay those interim maintenance costs to protect its security interest. Although LVDG pleads this element of the claim, it fails to allege that Defendants appreciated the benefit conferred on them.

LVDG also alleges that "Defendants sold the Property for significant monetary gain" and, thus, "[a]ll proceeds received by the Defendants from the sale of the Property rightfully belong to the Plaintiff as the owner of the Property." (*Id.* ¶¶ 92–93). These statements do not allege that LVDG conferred any benefit on Defendants; rather, they allege that Defendants obtained monetary gain from a third party that purchased the Property. The Court dismisses the claim, with leave to amend.

///

### C.     Equitable Mortgage

Defendants move to dismiss LVDG's equitable mortgage claim for failure to state a claim. A court can impose an equitable mortgage where the parties intended to create a mortgage but did not did not execute the mortgage properly. *Flyge v. Flynn*, 166 P.2d 539, 549 (Nev. 1946); *Topaz Mut. Co. v. Marsh*, 839 P.2d 606, 612 (Nev. 1992). Here, LVDG makes no allegation that it and Wells Fargo (or any other party) intended to enter into a mortgage-type relationship. The Court dismisses the claim, with leave to amend.

### D.     Slander of Title

Defendants move to dismiss Plaintiff's slander of title claim for failure to state a claim. To succeed on a slander of title claim, the plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damage." *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998) (quoting *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987)). Where a defendant has reasonable grounds for belief in his claim, he has not acted with malice. *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983).

The Court must dismiss the slander of title claim because LVDG does not sufficiently allege malice. The allegations indicate only that Defendants acted according to their belief that Wells Fargo held a valid lien against the Property. LVDG does not allege that Defendants received actual notice of the HOA's foreclosure or had any other reason to act with malice. At worst, Defendants' claim to the Property is legally uncertain, given that its actions occurred before the Nevada Supreme Court's opinion in *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 409 (Nev. 2014). As a matter of law, Defendants' claim is not knowingly "false." LVDG has not alleged any facts to show

anything other than that Defendants had reasonable grounds for belief in their claim. The Court dismisses the claim, with leave to amend.

### E.     Conversion

Defendants argue that this claim must be dismissed because real property cannot be converted and because the claim is barred by the statute of limitations. "Conversion is a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000) (quotation omitted). A claim for conversion must be brought within three years. Nev. Rev. Stat. § 11.190(3)(c).

LVDG argues that its claim is not based on taking and controlling real property but "monies that rightfully belong to the Plaintiff," which is personal property. (Compl. ¶ 125). If true, however, LVDG's claim is time-barred because the foreclosure sale took place in October 2011, more than three years before the Complaint was filed on May 14, 2015. LVDG does not dispute this fact. The Court dismisses the conversion claim.

### F.     Wrongful Foreclosure

Defendants argue this claim is time-barred under Nev. Rev. Stat. § 107.080(5) because LVDG failed to file its Complaint within ninety days of the date of the foreclosure sale. LVDG argues that its claim is not time-barred because the foreclosure sale was void ab initio. Section 107.080(5) does not apply to LVDG's wrongful foreclosure claim because the claim is not based on the procedural requirements of that section. Instead, LVDG "challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (en banc). LVDG argues that Defendants had no authority to foreclose because its security interest in the Property was extinguished by the HOA foreclosure

sale. This claim is duplicative of LVDG's quiet title claim. With both claims, LVDG seeks a declaration that the foreclosure sale is void because Defendants had no authority to foreclose. (*See* Compl. ¶¶ 75–77, 85; 133–135). The Court dismisses the claim, with leave to amend.

### G. Equitable Rescission

Defendants argue that this claim fails because rescission is a remedy, not a cause of action, and the claim is available only for the parties to a contract. Indeed, "Rescission is an equitable remedy which totally abrogates a contract and which seeks to place the parties in the position they occupied prior to executing the contract." *Awada v. Shuffle Master, Inc.*, 173 P.3d 707, 713 (Nev. 2007) (quotation omitted). LVDG does not allege that it and Defendants are parties to a contract. In fact, in its response it states that with this claim it seeks to cancel, or unwind, the bank's foreclosure sale. (Resp. to Mot., 41, ECF No. 43). This claim is also duplicative of the quiet title claim: both are designed to void the foreclosure sale based on the argument that Defendants did not have authority to foreclose.[3] The Court dismisses the claim, with leave to amend.

### H. Public Policy

Defendants argue that the Nevada Supreme Court's interpretation of the relevant statutes in *SFR Investments* violates Nevada and federal public policy. The Court rejected this precise argument in *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 5210523, at *6–13 (D. Nev. Sept. 3, 2015). Nothing has changed since that order that would cause the Court to rule otherwise.

///

---

[3] This claim is also similar to LVDG's unjust enrichment claim, which the Court is dismissing. (*See* Compl. ¶ 143 ("It would be unjust for the Defendants to receive the benefit of the foreclosure sale.")).

## I. Motions for Leave

The parties have filed Motions for Leave to Exceed Page Limit under L.R. 7-4 as part of their briefing for the Motion to Dismiss (ECF Nos. 38, 44, 47). The Court is inclined to grant the motions because of the complex nature of the constitutional arguments and the many claims involved in the case; however, the vast majority of Defendants' reply brief is a verbatim copy of its motion. Thus, the Court grants the motions for leave as pertaining to the motion to dismiss and response, but it denies the motion as pertaining to the reply and admonishes counsel to avoid wasting judicial resources in future briefing.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 36) is GRANTED in part and DENIED in part, with leave to amend as indicated, within 30 days.

IT IS FURTHER ORDERED that the Motions for Leave to Exceed Page Limit (ECF Nos. 38, 44) are GRANTED.

IT IS FURTHER ORDERED that the Motion for Leave to Exceed Page Limit (ECF No. 47) is DENIED.

IT IS SO ORDERED.

Dated this 14th day of June, 2016.

_____
ROBERT C. JONES
United States District Judge