**Marquis Aurbach Coffing**
Terry A. Moore, Esq.
Nevada Bar No. 7831
Christian T. Balducci, Esq.
Nevada Bar No. 12688
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tmoore@maclaw.com
cbalducci@maclaw.com
Attorneys for Defendant
Roberto E. Steven

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LAS VEGAS DEVELOPMENT GROUP, LLC, a Nevada limited liability company,

Plaintiff,

vs.

ROBERTO E. STEVEN, an individual; WELLS FARGO NA, a National Banking Association; NATIONAL DEFAULT SERVICING CORPORATION, an Arizona corporation. GEORGE COOPER, an individual, MARIE COOPER, an individual; SECRETARY OF THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, a federal governmental agency; EVERGREEN MONEYSOURCE MORTGAGE COMPANY, a Washington Corporation; US BANK NATIONAL ASSOCIATION, a National Banking Association; DOE individuals I through XX; and ROE CORPORATIONS I through XX,

Defendants.

ROBERTO E. STEVEN, an individual,

Counterclaimant,

vs.

LAS VEGAS DEVELOPMENT GROUP, LLC, a Nevada limited liability company,

Counterdefendant,

Case No.: 2:15-cv-01128-RCJ-CWH

**ANSWER, CROSS-CLAIM, COUNTERCLAIM AND THIRD PARTY COMPLAINT**

ROBERTO E. STEVEN, an individual,

Cross-Claimant,

vs.

WELLS FARGO NA, a National Banking Association,

Cross-Defendant.

ROBERTO E. STEVEN, an individual,

Third Party Plaintiff,

vs.

SECRETARY OF HOUSING AND URBAN DEVELOPMENT, a federal governmental agency,

Third Party Defendant.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## ANSWER

Defendant Roberto E. Steven (hereinafter "Steven" or "Defendant") by and through his attorneys of record, the law firm of Marquis Aurbach Coffing, hereby answer Plaintiff's Complaint as follows:

1. In answering Paragraphs 2, 6, 7, 9, 21, 63, 64, and 65 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

2. In answering Paragraphs 1, 3, 4, 5, 8, 10, 13, 47, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 88, 99, 100, 101, 102, 103, 104, 105, 106, 109, 110, 111, 112, 115, 116, 117, 119, 130, 131, 132, 133, 134, 135, 136, and 137 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

3. In answering Paragraphs 1, 3, 4, 5, 8, 10, 12, 17, 18, 19, 23, 24, 25, 28, 29, 30, 31, 38, 39, 40, 43, 44, 45, 46, 52, 55, 87, 98, 108, and 118 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, denies the same.

///

4. In answering Paragraph 11, 71, 97, 107, 129, and 138 of Plaintiff's Complaint, Defendants repeat and reallege each and every response thereto as to any remaining allegations not specifically responded to, Defendant denies the same.

5. In answering Paragraphs 13, 14, 15, 16, 32, 33, 34, 35, 36, 37, 38, 40, 42, 48, 49, 50, 51, 52, 53, and 54, Steven objects on the basis that these Paragraphs call for a legal conclusion. Without waiving that objection and to the extent these Paragraphs are premised upon a factual allegation, Steven denies the allegations contained therein.

6. In answering Paragraph 22, Steven admits that a certain agreement was recorded on August 19, 2003 as Instrument No. 20030819-02153, but is without sufficient knowledge to form a reasonable belief as to the truth or falsity of the remaining allegations contained in these Paragraphs, and on that basis, denies the rest and remainder of the allegations contained in this Paragraph.

7. In answering Paragraph 26 and 27, Steven admits that an HOA Notice of Delinquent Assessment (Lien) and a Notice of Default and Election to Sell are recorded with the Official Records of Clark County, Nevada, but is without sufficient knowledge to form a reasonable belief as to the truth or falsity of the remaining allegations contained in these Paragraphs, and on that basis, denies the rest and remainder of the allegations contained in these Paragraphs.

8. In answering Paragraph 56, Steven admits that an a Quitclaim Deed was recorded with the Official Records of Clark County, Nevada, at Instrument No. 201104060001193, but objects to the rest and remainder of the allegations contained in this Paragraph, as the paragraph calls for a legal conclusion. Without waiving that objection and to the extent the rest and remainder of the allegations in this paragraph are premised upon a factual allegation, Steven denies the allegations contained therein.

9. In answering Paragraph 57, 58, 59, and 60, Steven admits (i) a Notice of Default and Election to Sell was recorded with the Official Records of Clark County, Nevada, at Instrument No. 201105060003154; (ii) a Notice of Trustee's Sale was recorded with the Official Records of Clark County, Nevada, at Instrument No. 20118250003464 on August 25, 2011; (iii)

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

a Trustee's Sale was reported to have been held on October 18, 2011; (iii) a Trustee's Deed upon Sale was recorded in favor of Wells Fargo Bank on October 27, 2011, as Instrument No. 201110270003265, in the Official Records of Clark County, Nevada, but is without sufficient knowledge to form a reasonable belief as to the truth or falsity of the remaining allegations contained in these Paragraphs, and on that basis, denies the rest and remainder of the allegations contained in these Paragraphs.

10.     In answering Paragraph 61, on November 23, 2011, a Grant Deed, recorded as Instrument 201111230001162 in the Official Records of Clark County, Nevada, recorded a transfer of the property from Wells Fargo Bank to the Secretary of Housing and Urban Development, dated October 21, 2011, but Steven is without sufficient knowledge to form a reasonable belief as to the truth or falsity of the remaining allegations contained in these Paragraphs, and on that basis, denies the rest and remainder of the allegations contained in these Paragraphs.

11.     In answering Paragraph 62, on February 28, 2012, the Secretary of Housing and Urban Development transferred the property to Roberto E. Steven by Grant, Bargain and Sale Deed, but Steven is without sufficient knowledge to form a reasonable belief as to the truth or falsity of the remaining allegations contained in these Paragraphs, and on that basis, denies the rest and remainder of the allegations contained in these Paragraphs.

12.     In answering Paragraphs 66, 67, 68, 69, and 70, Steven objects on the basis that these Paragraphs call for a legal conclusion.  Without waiving that objection and to the extent these Paragraphs are premised upon a factual allegation, Steven admits that the Nevada Supreme Court issued an opinion captioned SFR Investments Pool I, LLC. V. U.S. Bank, N.A., but denies the rest and remainder of the allegations contained in these Paragraphs.

13.     In answering Paragraphs 89-96 of the Complaint, Steven repeats and realleges his responses set forth to Paragraphs 1-12, noting that inasmuch as this cause of action is not alleged against him, no answer is required.  To the extent that an answer is required, Steven is without sufficient knowledge to form a reasonable belief as to the truth or falsity of the remaining

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

allegations contained in these Paragraphs, and on that basis, denies the rest and remainder of the allegations contained therein.

14. In answering paragraphs 112-114, Steven admits (i) a Notice of Default and Election to Sell was recorded with the Official Records of Clark County, Nevada, at Instrument No. 201105060003154; (ii) a Notice of Trustee's Sale was recorded with the Official Records of Clark County, Nevada, at Instrument No. 20118250003464 on August 25, 2011; (iii) a Trustee's Deed upon Sale was recorded in favor of Wells Fargo Bank on October 27, 2011, as Instrument No. 201110270003265, in the Official Records of Clark County, Nevada, but is without sufficient knowledge to form a reasonable belief as to the truth or falsity of the remaining allegations contained in these Paragraphs, and on that basis, deny the rest and remainder of the allegations contained in these Paragraphs.

15. In answering Paragraphs 120-128 of the Complaint, Steven repeats and realleges his responses set forth to Paragraphs 1-14, noting that inasmuch as this cause of action is not alleged against him, no answer is required. To the extent that an answer is required, Steven is without sufficient knowledge to form a reasonable belief as to the truth or falsity of the remaining allegations contained in these Paragraphs, and on that basis, denies the rest and remainder of the allegations contained therein.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to exercise reasonable care and diligence to mitigate, minimize or avoid their alleged damages, and any recovery which may be awarded to Plaintiff in this action should be reduced accordingly.

2. Plaintiff is not equitably entitled to obtain an equitable mortgage imposed against the Property in favor of Plaintiff.

3. To the extent that answering Defendant has not received any significant monetary gain or proceeds, the Plaintiff is not equitably entitled to any proceeds under a theory of equitable mortgage.

4. The claims of Plaintiff are barred as a result of lack of good faith.

5. Defendant, at all times herein, acted reasonably and in good faith in discharging his obligations and duties, it any.

6. The claims are barred by Plaintiff's unclean hands.

7. Plaintiff has failed to state a claim against this Defendant upon which relief can be granted.

8. Plaintiff has failed to join indispensable parties.

9. Any and all damages sustained by Plaintiff are the result of negligence, breach of contract and breach of warranty, express and/or implied of third party over whom this answering Defendant has no control.

10. All or part of the damages claimed by Plaintiff are speculative, are not supported by proof, and are not compensable as a matter of law.

11. Plaintiff is not equitably entitled to obtain any money from Defendant.

12. Defendants performed no acts or omission in relation to their dealing with Plaintiff that could warrant the imposition of punitive or exemplary damages.

13. The HOA lien was satisfied and/or the Complaint is barred by the doctrines of tender, laches, waiver and estoppel.

14. Plaintiff failed to satisfy conditions precedent to enforcement of its claims, if any.

15. Any damages allegedly suffered by Plaintiff were the result of Plaintiff's actions, or the actions solely of third parties over whom the Purchaser and Lender exercised no control.

16. The HOA lien recorded against the Property did not comply with Chapter 116 of the Nevada Revised Statutes in that the lien amount exceeded the charges incurred by the HOA on the unit in question pursuant to NRS§116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the HOA pursuant to NRS 116.3115 which allegedly became due during the nine (9) months immediately preceding institution of an action to enforce the lien.

17. In connection with the actions taken to foreclose the HOA lien in question, Chapters 116 and 107 of the Nevada Revised Statutes were not complied with.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

18. Plaintiff is not a bona fide purchaser for value, having purchased the property with record notice of the deed of trust record against the property.

19. Steven is a bona fide purchaser for value.

20. The foreclosure sale associated with the HOA lien did not eliminate the Deed of Trust, such that any interest the Plaintiff acquired from the HOA is subject to and junior to the Purchaser and Lender's interest in the Property.

21. Plaintiff's actions are not maintainable because it has failed to pay the debt owed on the Property.

22. The sale whereby Plaintiff purportedly acquired its interest in the real Property in question was commercially unreasonable and unfair.

23. Steven cannot be deprived of their property interest in violation of the Due Process Clause of the 14th Amendment of the United States Constitution and Article 1, Section 8 of the Nevada Constitution.

24. The relief that Plaintiff requests is preempted and prevented by Federal Law (Supremacy, Contracts, Takings and Property Clause).

25. NRS § 116.3116 does not support Plaintiff's position that it has superior title to the Property.

26. Because no excess proceeds were remitted to junior lien holders, the HOA Trustee Sale was a foreclosure of a lien junior to the Deed of Trust.

27. As evidenced by the fact that the HOA did not distribute any funds exceeding nine months of assessments to the beneficiary of the Deed of Trust as required, the HOA only foreclosed upon the portion of its lien that was junior to the Deed of Trust.

28. The HOA Trustee was not authorized to foreclose on any portion of the HOA Lien that was senior/prior to the Deed of Trust, and thus, was ultra vires, void, and only foreclosed an interest junior to the Deed of Trust.

29. Steven has been required to retain the services of an attorney because of the pursuit of this action by Plaintiff and has been damaged as a result thereof in the amount of its

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

attorney's fees and costs incurred and to be incurred. Steven is entitled to recover these attorney's fees and costs from Plaintiff so far as permitted under Nevada law.

30. Steven took title to the Property in good faith and for reasonably equivalent value.

31. The HOA Trustee Sale was void as the beneficiary of the HOA Lien bid in excess of its priority lien, see NRS 116.31164.

32. The HOA Sale was void for lack of due process.

33. Plaintiff is not entitled to an equitable mortgage against this Defendant.

34. Defendant did not intend to harm Plaintiff.

35. Title to the Property has not been slandered by this Defendant.

36. Plaintiff's claims are barred by the applicable statute of limitation.

37. Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein, in so far as sufficient facts were not available after a reasonable inquiry upon the filing of this Answer, Cross-claim and Third Party Complaint; therefore, this Defendant reserves the right to amend his answer to allege additional affirmative defenses if subsequent investigations so warrant.

WHEREFORE, Steven prays that this Court enter judgment as follows:

1. That Plaintiff take nothing by way of its Complaint;

2. That Steven be awarded his attorney fees and costs of suit; and

3. That Steven receive such other and further relief as this Court deem just and proper.

**COUNTERCLAIM**

Defendant/Cross-Claimant Roberto E. Steven ( "Steven"), by and through his counsel of record, Marquis Aurbach Coffing, files his counterclaim against Las Vegas Development Group, LLC, as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Roberto E. Steven (hereinafter "Steven") was at the time of the events at issue herein, a resident of Clark County, Nevada.

2. Upon information and belief, LAS VEGAS DEVELOPMENT GROUP, LLC ("LVDG") is a Nevada limited liability company, doing business in Nevada.

3. Upon information and belief, WELLS FARGO BANK NA, a National Banking Association ("Wells Fargo"), is a national banking association, doing business in Nevada.

4. Upon information and belief, the Secretary of Housing and Urban Development ("HUD") is a federal government agency, authorized to do business and doing business in Nevada.

5. Jurisdiction is properly before this Court pursuant to 28 U.S.C. §1442(a)(1), which allows for federal courts to exercise jurisdiction in matters brought against a federal agency or employee.

6. As HUD is a federal agency and a party to this action, this Court has jurisdiction to hear the matter.

7. Jurisdiction is also appropriate under 28 U.S.C. § 1331, federal question jurisdiction, as federal questions are raised herein.

**GENERAL ALLEGATIONS**

8. On or about August 2, 1993, George and Marie Cooper ("the Coopers") obtained title to the Property by a Deed recorded on August 2, 1993, as Inst. No. 199308020001224, in the Official Records of Clark County, Nevada.

9. Upon information and belief, the Coopers obtained loans secured by the property, including a modified loan assigned to Wells Fargo, in an Assignment of the Deed of Trust, recorded on or about January 25, 2006, at Instrument No. 200601250004654 in the Official Records of Clark County, Nevada.

10. Upon information and belief the Coopers fell behind in their obligations to the HOA as evidenced by certain Notice of Delinquent assessment Lien that were recorded against the property by the HOA on June 3, 2009, at Instrument Number 200906030003604, in the Official Records of Clark County, Nevada ("HOA Lien").

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

11. On or about September 9, 2009, the HOA recorded against the Property a Notice of Default and Election to Sell under Homeowners Association Lien, as Inst. No. 200909090003264 in the Official Records of Clark County, Nevada.

12. On or about August 9, 2010, the HOA and its agent, Alessi & Koenig, LLC, recorded against the Property, a Notice of Trustee's Sale, as Inst. No. 201007160001155, in the Official Records of Clark County, Nevada.

13. Upon information and belief, the HOA and its agent, Alessi & Koenig, conducted a foreclosure sale on March 2, 2011, whereat the HOA was purported to be the highest bidder ($3,780.82) ("HOA Sale").

14. On or about March 3, 2011, the HOA and its agent, Alessi & Koenig, recorded against the Property, a Trustee's Deed Upon Sale in favor of the HOA, as Inst. No. 201103030003430, in the Official Records of Clark County, Nevada ("HOA TDUS").

15. On or about April 6, 2011, the HOA quitclaimed its interest, if any, in the property at 1901 Fan Fare Dr., North Las Vegas, NV 89032, to LVDG, for $5,000, as evidenced by the Quitclaim Deed recorded against the Property as Inst. No. 201104060001193 in the Official Records of Clark County, Nevada ("Quitclaim to LVDG").

16. The Coopers defaulted on the Loan that had been assigned to Wells Fargo ("Wells Fargo Deed of Trust"), who commenced a foreclosure process by virtue of a Notice of Default and of Election to Sell Under Deed of Trust, that was recorded by NDSC, as Agent for Wells Fargo, against the Property on May 6, 2011 as Instrument 201105060003154, in the Official Records of Clark County, Nevada.

17. On or about August 25, 2011, Wells Fargo and its agent, NDSC, recorded against the Property a Notice of Trustee's Sale, as Instrument No. 201108250003464, in the Official Records of Clark County, Nevada ("NDSC NOS").

18. On or about October 18, 2011, Wells Fargo and its agent, NDSC, recorded against the Property a Trustee's Deed Upon Sale in favor of Wells Fargo Bank, N.A., as Instrument No. 201110270003265, in the Official Records of Clark County, Nevada ("Wells Fargo TDUS").

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

19. On or about October 21, 2011, Wells Fargo Bank, N.A., granted the property to the Secretary of Housing and Urban Development, Its Successors and/or Assigns, by Grant Deed, recorded on November 23, 2011, at Instrument No. 201111230001162 in the Official Records of Clark County, Nevada ("Grant Deed to HUD").

20. On or about February 28, 2012, HUD granted "all the following real property" followed by the attached legal description of the property to Roberto E. Steven, via Grant Bargain and Sale Deed, recorded on March 2, 2011, as Instrument No. 201203020003280 in the Official Records of Clark County, Nevada ("Deed to Steven").

21. Steven's purchase of the Property from HUD was occasioned by a loan from Evergreen in the amount of $75,000 ("Evergreen Loan") that was secured by Deeds of Trust recorded against the Property in favor of Evergreen on March 2, 2012, as Instrument Nos. 201203020003280 and 201203020003281 in the Official Records of Clark County, Nevada.

22. The Evergreen Loan was subsequently acquired by Wells Fargo, a co-defendant in this matter.

23. Upon information and belief, the Loan obtained by the Coopers that was secured by the Wells Fargo Deed of Trust, was insured and/or issued by the Federal National Mortgage Association ("Fannie Mae"), or some other federal agency.

24. Only Congress has the power to dispose of and make all needful rules and regulations respecting property of the United States.

25. Pursuant to federal law and upon information and belief, a title or security interest in real property held by a federal agency is federal property and such interest cannot be reduced or destroyed by action taken by another party, including homeowners association, under state law.

26. The HOA's foreclosure of the HOA Lien recorded against the Property did not extinguish Fannie Mae's interest in the loan or the Wells Fargo Deed of Trust, and thus the HOA's foreclosure was void as a matter of federal law.

27. Based upon the HOA's invalid foreclosure on the Property, LVDG has no right, title or interest in the Property and title to the Property is vested in Steven, free and clear of any

interest of the HOA, LVDG or any other party claiming title through the HOA Sale, but subject to the Wells Fargo Deed of Trust.

**FIRST CAUSE OF ACTION**

**(Quiet Title / Declaratory Relief as to LVDG)**

28. Steven repeats, realleges, and incorporates each and every paragraph contained above as though fully set forth herein.

29. Upon information and belief, LVDG claims an interest in the Property following the HOA sale, as might other parties in this litigation, that are adverse to the interests of Steven's interest in the Property.

30. Based on adverse claims being asserted by the parties, a judicial determination regarding the rights and interests of the respective parties in the counterclaim, cross claim and third-party claim is appropriate.

31. Pursuant to NRS § 30.010 et. seq., NRS § 40.010, and Fed. R. Civ. Pro. Rule 57, this court has the power and authority to declare Steven's rights and interests in the Property and to resolve the adverse claim(s) to the property.

32. This Court has the power and authority to declare the rights and interests of the parties as a result of Wells Fargo and/or HUD in conducting the Foreclosure Sale and selling the property to Steven.

33. For all the reasons set forth above, Steven is entitled to a determination from this Court, that the HOA Sale, including the subsequent Quitclaim to LVDG, was unlawful, void and should be set aside; leaving Steven as the undisputed title owner of the Property, subject to the first position deed of trust.

**SECOND CAUSE OF ACTION**

**(If Title is Quieted to LVDG, Unjust Enrichment as to LVDG)**

34. Steven repeats, realleges, and incorporates each and every paragraph contained above as though fully set forth herein.

35. Steven acquired the Property from HUD for value, in good faith, and without knowledge of any prior interest.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

36. Upon taking ownership of the property, Steven has paid taxes, insurance or homeowners association assessments, as well as made numerous improvements upon the property totaling in excess of $10,000.

37. The principle of justice, equity and good conscience require that such funds be returned to Steven should LVDG prevail in its quiet title action.

38. In the event LVDG obtains an outcome in its favor to its quiet title action, the LVDG will have been unjustly enriched as a result of the improvements made on the Property that were paid for by Steven, while also benefiting from the unlawful HOA sale (retaining funds and/or an interest in the Property), but depriving Steven of his property interest.

39. The same holds true with respect to taxes, maintenance, assessments and any and all other expenses incurred by Steven with respect to the Property.

40. Steven has been required to retain counsel and is entitled to recover reasonable attorney's fees.

**CROSS-COMPLAINT AGAINST WELLS FARGO**

Defendant/Cross-Claimant Roberto E. Steven ( "Steven"), by and through his counsel of record, Marquis Aurbach Coffing, files its cross-claims against Defendant/Cross-Defendant Wells Fargo Bank, NA, a National Banking Association, ("Wells Fargo") as follows:

**PARTIES AND JURISDICTION**

1. Third-party plaintiff Robert E. Steven ("Steven") is, and was at all times relevant herein, a resident of Clark County, Nevada.

2. The Secretary of Housing and Urban Development ("HUD") is, and was at all times relevant herein, a federal governmental agency.

3. Jurisdiction is properly before this Court pursuant to 28 U.S.C. §1442(a)(1), which allows for federal courts to exercise jurisdiction in matters brought against a federal agency or employee.

4. As HUD is a federal agency and a party to this action, this Court has jurisdiction to hear the matter.

5. Jurisdiction is also appropriate under 28 U.S.C. § 1331, federal question jurisdiction, as federal questions are raised herein.

## GENERAL ALLEGATIONS

6. Steven repeats, realleges, and incorporates each and every paragraph contained above in the counter-claim, supra, as though fully set forth herein.

## FIRST CAUSE OF ACTION

**(Quiet Title / Declaratory Relief as to Wells Fargo)**

7. Steven repeats, realleges, and incorporates each and every paragraph contained above as though fully set forth herein.

8. Upon information and belief, LVDG claims an interest in the Property following the HOA sale, as might other parties in this litigation, that are adverse to the interests of Steven's interest in the Property.

9. Based on adverse claims being asserted by the parties, a judicial determination regarding the rights and interests of the respective parties in the counterclaim, cross claim and third-party claim is appropriate.

10. Pursuant to NRS § 30.010 et. seq., NRS § 40.010, and Fed. R. Civ. Pro. 57, this court has the power and authority to declare Steven's rights and interests in the Property and to resolve the adverse claim(s) to the property.

11. This Court has the power and authority to declare the rights and interests of the parties as a result of Wells Fargo conducting the Foreclosure Sale, resulting in the subsequent sale of the property to Steven.

12. For all the reasons set forth above, Steven is entitled to a determination from this Court, that the HOA Sale, including the subsequent Quitclaim to LVDG, was unlawful, void and should be set aside; leaving Steven as the undisputed title owner of the Property, subject to the first position deed of trust.

13. Steven is entitled to determination from this Court as to the rights and interests of Steven, with respect to Wells Fargo, which held the foreclosure sale resulting in the transfer of this property from Wells Fargo to HUD, followed by the sale to Steven.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**SECOND CAUSE OF ACTION**

**(Equitable Indemnification against Wells Fargo)**

14. Steven repeats, realleges, and incorporates all the allegations above as though fully set forth herein.

15. The damages of which Plaintiff claims against Steven, if true, result from, either whole or in part, the acts and/or omissions of Wells Fargo.

16. In equity and good conscience, Steven is entitled to the indemnity implied by virtue of the involvement of Wells Fargo with the sale of the property following the HOA foreclosure sale, and Wells Fargo's responsibility, duty, and/or obligation to avoid such acts and/or omissions.

17. LVDG's claims against Steven arise as a result of Wells Fargo's and HUD's sales, and any resulting damage allegedly arising from those sales.

18. As a direct and proximate cause of Well's Fargo's actions, Steven has been damaged in an amount in excess of $10,000.00.

19. Steven has been required to engage the services of an attorney in these proceedings and has incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore Steven is entitled to reimbursement from Interstate for those reasonable attorney fees and costs incurred herein.

**THIRD CAUSE OF ACTION**

**(If Damages are Obtained against Steven, Contribution against Wells Fargo)**

20. Steven repeats, realleges, and incorporates all the allegations above as though fully set forth herein.

21. Based on the acts and/or omissions of Wells Fargo, if a judgment is rendered on behalf of the Plaintiff against Steven, Steven is entitled to contribution from Wells Fargo in an amount proportionate to the amount of fault, responsibility, and/or fault attributable to Wells Fargo.

22. Steven's claims against Wells Fargo arise as a result of HUD's and/or Well's Fargo's sale and the resulting damage allegedly arising from those sales.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

23. As a direct and proximate cause of Wells Fargo's actions, Steven has been damaged in an amount in excess of $10,000.00.

24. Steven has been required to engage the services of an attorney in these proceedings and has incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore Steven is entitled to reimbursement from Wells Fargo for those reasonable attorney fees and costs incurred herein.

WHEREFORE, Steven prays for judgment against Wells Fargo as follows:

1. Quiet title;

2. Declaratory relief as set forth herein;

3. In the event it is determined that Wells Fargo Deed of Trust was extinguished by the HOA Sale, thereby eliminating the Steven's interest in the Property, for damages in excess of $10,000.00;

4. In the event it is determined that Wells Fargo Deed of Trust was extinguished by the HOA Sale, equitable indemnity and contribution against Wells Fargo;

5. For an award of general and special damages in excess of $10,000.00;

6. For attorney's fees, costs, including post-judgment costs; and

7. For any and all further relief deemed appropriate by this Court.

## THIRD PARTY COMPLAINT

Defendant/Third Party Plaintiff Claimant Roberto E. Steven (hereinafter "Steven"), by and through his counsel of record, Marquis Aurbach Coffing, allege his Third Party Claims ("Third Party Claims") against Third Party Defendant Secretary of Housing and Urban Development, a federal governmental agency as follows:

## PARTIES AND JURISDICTION

8. Third-party plaintiff Robert E. Steven ("Steven") is, and was at all times relevant herein, a resident of Clark County, Nevada.

9. Third-party defendant Secretary of Housing and Urban Development ("HUD") is, and was at all times relevant herein, a federal governmental agency.

10. Jurisdiction is properly before this Court pursuant to 28 U.S.C. §1442(a)(1), which allows for federal courts to exercise jurisdiction in matters brought against a federal agency or employee.

11. As HUD is a federal agency and a party to this action, this Court has jurisdiction to heard the matter.

12. Jurisdiction is also appropriate under 28 U.S.C. § 1331, federal question jurisdiction, as federal questions are raised herein.

13. This particular case involves the disposition of a HUD owned property to Steven, and as such, implicates Article II of the National Housing Act, 12 U.S.C. § 1715z-11a.

14. The suit against HUD before this Court is properly before it by virtue of the waiver of Sovereign Immunity found in the National Housing Act, 12 U.S.C § 1702 et seq., which allows for suits against HUD when it carries out certain acts or duties pursuant to the National Housing Act ("The Secretary shall, in carrying out the provisions of this subchapter and subchapters II, III, V, VI, VII, VIII, IX–B, and X, be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal.").

15. As such, sovereign immunity is waived and jurisdiction is appropriate before this Court.

**GENERAL ALLEGATIONS**

16. Steven repeats, realleges, and incorporates each and every paragraph contained above in the counter-claim and cross-claim, supra, as though fully set forth herein.

**FIRST CAUSE OF ACTION**

**(Quiet Title / Declaratory Relief as to HUD)**

17. Steven repeats, realleges, and incorporates each and every paragraph contained above as though fully set forth herein.

18. Upon information and belief, LVDG claims an interest in the Property following the HOA sale, as might other parties in this litigation, that are adverse to the interests of Steven's interest in the Property.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

19. Based on adverse claims being asserted by the parties, a judicial determination regarding the rights and interests of the respective parties in the counterclaim, cross claim and third-party claim is appropriate.

20. Pursuant to NRS § 30.010 et. seq., NRS § 40.010, and Fed. R. Civ. Pro. 57, this court has the power and authority to declare Steven's rights and interests in the Property and to resolve the adverse claim(s) to the property.

21. This Court has the power and authority to declare the rights and interests of the parties as a result of the Foreclosure Sale and selling the property to Steven.

22. For all the reasons set forth above, Steven is entitled to a determination from this Court, that the HOA Sale, including the subsequent Quitclaim to LVDG, was unlawful, void and should be set aside; leaving Steven as the undisputed title owner of the Property, subject to Evergreen's first position deed of trust.

23. Steven is entitled to determination from this Court as to the rights and interests of Steven, with respect to HUD, which sold the property to Steven, providing a Grant, Bargain, Sale Deed.

**SECOND CAUSE OF ACTION**

**(If Title is Quieted to LVDG, Breach of Contract as to HUD)**

24. Steven repeats, realleges, and incorporates each and every paragraph contained above as though fully set forth herein.

25. On or about February 28, 2012, HUD granted "all the following real property" followed by the attached legal description of the property to Roberto E. Steven, via Grant Bargain and Sale Deed, recorded on March 2, 2011, at Instrument No. 201203020003280 in the Official Records of Clark County, Nevada ("Deed to Steven").

26. Steven's purchase from HUD culminated into the Deed to Steven, which then controlled as the contract by and between HUD and Steven.

27. The Deed to Steven was, and still is, and Grant, Bargain and Sale Deed which then constituted the contract.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

28. As the Deed to Steven was a Grant, Bargain and Sale Deed, it carried with it the statutory warranties found in NRS. § 111.170.

29. In connection with conveying title by virtue of a Grant, Bargain and Sale Deed, HUD guaranteed that the Property was free from encumbrances, done, made or suffered by the grantor, or any person claiming under the grantor.

30. Steven has fulfilled all of his obligations and all conditions precedent under the contract, including paying valuable consideration for the Property to HUD.

31. Steven has performed all conditions precedent.

32. In the event title to the Property is quieted in the name of LVDG, then shall have HUD breached the contract by failing to deliver to Steven fee simple title to the Property as required and as set forth within the Grant, Bargain and Sale Deed.

33. As a direct and proximate cause of HUD's breach, Steven has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00).

34. More specifically, Steven would be entitled to the difference between what HUD promised to convey and what HUD actually conveyed in the event LVDG is successful in its quiet title claim.

35. Moreover, Steven has been named as a defendant in an action by a third-party, LVDG, as a result of HUD's breach of the contract.

36. As a result of HUD's breach of contract, Steven has incurred attorneys fees as special damages exceeding $2,500.00 as of the date of this pleading and increasing up to and through trial and appeal, if any.

37. The attorney fees incurred by Steven were and are naturally and proximately cased by HUD's breach of contract and caused Steven to be in the instant litigation filed by LVDG as a defendant.

**THIRD CAUSE OF ACTION**

**(Equitable Indemnification against HUD)**

38. Steven repeats, realleges, and incorporates all the allegations above as though fully set forth herein.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

39. The damages of which Plaintiff claims against Steven, if true, result from, either whole or in part, the acts and/or omissions of HUD.

40. In equity and good conscience, Stevens is entitled to the indemnity implied by virtue of the involvement of HUD with the sale of the property following the HOA foreclosure sale, and HUD's responsibility, duty, and/or obligation to avoid such acts and/or omissions.

41. LVDG's claims against Steven arise as a result of HUD's sale, and any resulting damage allegedly arising from those sales.

42. As a direct and proximate cause of HUD's actions, Steven has been damaged in an amount in excess of $10,000.00.

43. Steven has been required to engage the services of an attorney in these proceedings and has incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore Steven is entitled to reimbursement from HUD for those reasonable attorney fees and costs incurred herein.

**FOURTH CAUSE OF ACTION**

**(Contribution as to HUD)**

44. Steven repeats, realleges, and incorporates all the allegations above as though fully set forth herein.

45. Based on the acts and/or omissions of HUD, if a judgment is rendered on behalf of LVDG against Steven, Steven is entitled to contribution from HUD in an amount proportionate to the amount of fault, responsibility, and/or fault attributable to HUD.

46. Steven's claims against HUD arise as a result of HUD's and/or Well's Fargo's sale and the resulting damage allegedly arising from those sales.

47. As a direct and proximate cause of HUD's actions, Steven has been damaged in an amount in excess of $10,000.00.

48. Steven has been required to engage the services of an attorney in these proceedings and has incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore Steven is entitled to reimbursement from HUD for those reasonable attorney fees and costs incurred herein.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**PRAYER FOR RELIEF**

WHEREFORE, Third Party Plaintiff prays for judgment against Third Party Defendant (HUD) as follows:

1. Quiet title and declaratory relief as set forth above;

2. In the event it is determined that Wells Fargo Deed of Trust was extinguished by the HOA Sale, thereby eliminating the Steven's interest in the Property, for damages in excess of $10,000.00;

3. For a judgment against HUD;

4. For his attorney fees as special damages;

5. For an award of general and special damages in excess of $10,000.00;

6. For pre and post judgment interests;

7. For indemnification;

8. For contribution;

9. For attorney's fees, costs, including post-judgment costs; and

10. For any and all further relief deemed appropriate by this Court.

Dated this 13th day of June, 2016.

MARQUIS AURBACH COFFING

By *<u>/s/ Christian T. Balducci</u>*
Terry A. Moore, Esq.
Nevada Bar No. 7831
Christian T. Balducci, Esq.
Nevada Bar No. 12688
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Defendant*
*Robert E. Steven*

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **ANSWER, CROSS-CLAIM, COUNTERCLAIM AND THIRD PARTY COMPLAINT** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

*/s/ Cheryl Becnel*
An employee of Marquis Aurbach Coffing