# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC, | |
| Plaintiff, | 2:15-cv-01128-RCJ-CWH |
| vs. | **ORDER** |
| ROBERTO E. STEVEN et al., | |
| Defendants. | |

This case arises out of competing foreclosure sales of the same property. Pending before the Court is Defendant Wells Fargo Bank's ("Wells Fargo") Motion to Dismiss. (ECF No. 79.) For the reasons given herein, the Court grants the motion.

## I.    FACTS AND PROCEDURAL BACKGROUND

On or about August 2, 1993, Defendants George and Marie Cooper acquired title to real property located at 1901 Fan Fare Drive, Las Vegas, Nevada 89032 (the "Property"). (Am. Compl. ¶¶ 19, 24, ECF No. 66.) Non-party Durable Homes, Inc. recorded a first deed of trust (the "DOT") against the Property, and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") later became the beneficiary of the DOT, re-recording it, as modified, on or about August 19, 2003. (*Id.* at ¶¶ 27–29.) The Property has been subject to recorded Covenants, Conditions, and Restrictions ("CC&Rs") since before the DOT was first recorded. (*Id.* at ¶¶ 19, 32.)

/ / /

The Coopers defaulted on their HOA dues, and non-party Hidden Canyon Owners Association (the "HOA") eventually conducted an HOA sale in accordance with state law on or about March 2, 2011, purchasing the Property itself for $3,780.82. (*Id.* at ¶¶ 19, 34–53; Trustee's Deed Upon Sale, ECF No. 66-5 at 2.) Prior to the sale, Wells Fargo had not assigned the DOT to Defendant Secretary of Housing and Urban Development ("HUD") or any other government agency or instrumentality. (Am. Compl. ¶ 62, ECF No. 66.) Nor did the United States or any agency or instrumentality thereof possess any interest in the DOT or the Property. (*Id.* at ¶ 63.) On April 6, 2011, the HOA quitclaimed the Property to Plaintiff Las Vegas Development Group, LLC ("LVDG") for $5,000. (*Id.* at ¶¶ 78–79; Quitclaim Deed, ECF No. 66-6 at 2–3.)

Wells Fargo and Defendant National Default Servicing Corp. ("NDSC") then foreclosed the DOT under state law, selling the property to HUD on November 23, 2011. (Am. Compl. ¶¶ 82–86, ECF No. 66.) On February 28, 2012, HUD sold the Property to Defendant Roberto Steven. (*Id.* at ¶ 87.) Steven financed the Property via two mortgages from Defendant Evergreen Moneysource Mortgage Co. ("Evergreen"). (*Id.* at ¶¶ 15, 88–89.) One or more of Steven's mortgages has been transferred to Defendant U.S. Bank National Association ("U.S. Bank"). (*Id.* at ¶¶ 16, 90.)

LVDG sued Defendants in state court for: (1) quiet title; (2) unjust enrichment; (3) equitable mortgage; (4) slander of title; and (5) conversion. LVDG also sought equitable relief via the sixth and seventh nominal causes of action. HUD removed. The parties stipulated to the dismissal of HUD.

On February 2, 2016, Wells Fargo filed a motion to dismiss, in which Evergreen, Steven, and U.S. Bank joined. (ECF No. 36.) The Court granted the motion, with leave to amend certain claims. (ECF No. 53.) On July 14, 2016, LVDG filed a First Amended Complaint ("FAC"), reasserting only its claims for quiet title, unjust enrichment, slander of title, and conversion.

1    (ECF No. 66.) Wells Fargo has now moved to dismiss the FAC for failure to state a claim under

2    Rule 12(b)(6). (ECF No. 79.) Evergreen, Steven, and U.S. Bank have again joined in Wells

3    Fargo's motion to dismiss. (ECF No. 81.)

4    **II.    LEGAL STANDARDS**

5           Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

6    claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

7    what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

8    (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

9    that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

10   12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

11   F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

12   failure to state a claim, dismissal is appropriate only when the complaint does not give the

13   defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

14   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is

15   sufficient to state a claim, the court will take all material allegations as true and construe them in

16   the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

17   Cir. 1986). The court, however, is not required to accept as true allegations that are merely

18   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

19   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

20          A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a

21   plaintiff must plead facts pertaining to his own case making a violation "plausible," not just

22   "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556)

23   ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

24   draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is,

under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.     ANALYSIS

### a.   Quiet Title

On August 12, 2016, the Ninth Circuit issued its opinion in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, No. 15-15233, 2016 WL 4254983 (9th Cir. Aug. 12, 2016). The Court of Appeals held that the pre-2015, "opt-in" statutory notice procedures for HOA foreclosures under NRS Chapter 116 are facially unconstitutional under the Due Process Clause of the Fourteenth Amendment. On November 4, 2016, the Court of Appeals denied a petition for en banc rehearing

filed by plaintiff/appellee Bourne Valley. *See Bourne Valley Ct. Tr. v. Wells Fargo Bank, N.A.*, No. 15-15233 (9th Cir. Nov. 4, 2016). The *Bourne Valley* ruling is enough to settle the quiet title and declaratory judgment claims in favor of Wells Fargo as a matter of law as to the HOA's foreclosure. The HOA's foreclosure did not extinguish Wells Fargo's DOT against the Property. Therefore, the Court dismisses Plaintiff's first cause of action with prejudice.

### b.   Unjust Enrichment

"Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012) (quotation and citations omitted). The benefit "can include services beneficial to or at the request of the other, denotes any form of advantage, and is not confined to retention of money or property." *Id.* (quotation and citations omitted).

In its July 14, 2016 Order granting Wells Fargo's motion to dismiss, the Court found that "if LVDG expended legitimate funds to maintain the property and does not quiet title in itself, then it has alleged that it conferred a benefit on Defendants that in equity belongs to LVDG because it maintained a property that served as the security for the debt owed to Wells Fargo." (Order 9, ECF No. 53.) However, the Court dismissed the claim because LVDG failed to allege that Defendants appreciated the benefit conferred on them. (*Id.*)

LVDG has failed to cure the deficiencies in its pleading of unjust enrichment. The FAC adds only conclusory recitations of the elements of the claim, with insufficient factual matter to achieve plausibility. The FAC alleges that LVDG "expended significant funds and resources in connection with the acquisition and maintenance of the Property," and that Defendants appreciated this purported benefit because Steven used and possessed the Property after

purchasing it from HUD, and Wells Fargo sold the Property after LVDG's "funds and resources" had increased the Property's value. (Am. Compl. ¶¶ 119–22, ECF No. 85.) Without pleading what funds it spent and for what purpose, it is not plausible that Defendants appreciated any benefit from LVDG's purported expenditures, or that they retained such benefit inequitably. Based on the FAC's allegations, it is far more plausible that LVDG conferred no appreciable benefit on Defendants. This is certainly true with respect LVDG's acquisition costs—if anything, the purported acquisition of the Property and subsequent denial of the continuing viability of the DOT has done nothing but cause the other parties to expend their own funds in defending this quiet title action.

Accordingly, the Court dismisses the unjust enrichment claim with prejudice.

**c. Slander of Title**

To succeed on a slander of title claim, the plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damage." *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998) (quoting *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987)). Where a defendant has reasonable grounds for belief in his claim, he has not acted with malice. *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983).

The Court previously dismissed this claim because LVDG did not sufficiently allege malice. LVDG has attempted to cure its pleading in the FAC, but to no avail. The Court has concluded that *Bourne Valley* necessitates the conclusion that Wells Fargo's DOT was never extinguished by the HOA foreclosure sale. Therefore, Wells Fargo had reasonable grounds to believe it held a valid superior interest in the Property, and because the DOT did in fact survive the HOA's foreclosure sale, Wells Fargo was within its rights in foreclosing on the Property. Accordingly, not only has LVDG failed to adequately allege malice, it has also failed to allege falsehood of the recorded foreclosures notices and foreclosure deed.

Therefore, the slander of title claim is dismissed with prejudice.

**d.  Conversion**

In its July 14, 2016 Order granting Wells Fargo's motion to dismiss, the Court dismissed LVDG's conversion claim without leave to amend. Therefore, it was not proper for LVDG to reassert the claim in the FAC. LVDG seems to have recognized this in its Response to the instant motion, in which it has omitted any argument with respect to the viability of the conversion claim. Consistent with the Court's prior Order, this claim is dismissed with prejudice.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 79) is GRANTED in its entirety without leave to amend. This dismissal also disposes of the third-party complaints, cross-claims, and counterclaims filed by Defendant Steven. (ECF Nos. 57, 62.)

Therefore, the Clerk of Court shall enter judgment against LVDG and close the case.

IT IS SO ORDERED December 6, 2016.


_____
ROBERT C. JONES
United States District Judge