**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LAS VEGAS DEVELOPMENT GROUP, LLC,

        Plaintiff,

vs.

ROBERTO E. STEVEN et al.,

        Defendants.

2:15-cv-01128-RCJ-CWH

**ORDER**

This case arises out of competing foreclosure sales of the same property. Now pending before the Court is a Motion to Reconsider the Court's prior dismissal of this action. (Mot. Recon., ECF No. 95.) For the reasons given herein, the Court denies the motion.

**I.    FACTS AND PROCEDURAL BACKGROUND**

On or about August 2, 1993, Defendants George and Marie Cooper acquired title to real property located at 1901 Fan Fare Drive, Las Vegas, Nevada 89032 (the "Property"). (Am. Compl. ¶¶ 19, 24, ECF No. 66.) Non-party Durable Homes, Inc. recorded a first deed of trust (the "DOT") against the Property, and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") later became the beneficiary of the DOT, re-recording it, as modified, on or about August 19, 2003. (*Id.* at ¶¶ 27–29.) The Property has been subject to recorded Covenants, Conditions, and Restrictions ("CC&Rs") since before the DOT was first recorded. (*Id.* at ¶¶ 19, 32.)

/ / /

The Coopers defaulted on their HOA dues, and non-party Hidden Canyon Owners Association (the "HOA") eventually conducted an HOA sale in accordance with state law on or about March 2, 2011, purchasing the Property itself for $3,780.82. (*Id.* at ¶¶ 19, 34–53; Trustee's Deed Upon Sale, ECF No. 66-5 at 2.) Prior to the sale, Wells Fargo had not assigned the DOT to Defendant Secretary of Housing and Urban Development ("HUD") or any other government agency or instrumentality. (Am. Compl. ¶ 62, ECF No. 66.) Nor did the United States or any agency or instrumentality thereof possess any interest in the DOT or the Property. (*Id.* at ¶ 63.) On April 6, 2011, the HOA quitclaimed the Property to Plaintiff Las Vegas Development Group, LLC ("LVDG") for $5,000. (*Id.* at ¶¶ 78–79; Quitclaim Deed, ECF No. 66-6 at 2–3.)

Wells Fargo and Defendant National Default Servicing Corp. ("NDSC") then foreclosed the DOT under state law, selling the property to HUD on November 23, 2011. (Am. Compl. ¶¶ 82–86, ECF No. 66.) On February 28, 2012, HUD sold the Property to Defendant Roberto Steven. (*Id.* at ¶ 87.) Steven financed the Property via two mortgages from Defendant Evergreen Moneysource Mortgage Co. ("Evergreen"). (*Id.* at ¶¶ 15, 88–89.) One or more of Steven's mortgages has been transferred to Defendant U.S. Bank National Association ("U.S. Bank"). (*Id.* at ¶¶ 16, 90.)

LVDG sued Defendants in state court for: (1) quiet title; (2) unjust enrichment; (3) equitable mortgage; (4) slander of title; and (5) conversion. LVDG also sought equitable relief via the sixth and seventh nominal causes of action. HUD removed. The parties stipulated to the dismissal of HUD.

On February 2, 2016, Wells Fargo filed a motion to dismiss, in which Evergreen, Steven, and U.S. Bank joined. (ECF No. 36.) The Court granted the motion, with leave to amend certain claims. (ECF No. 53.) On July 14, 2016, LVDG filed a First Amended Complaint ("FAC"), reasserting only its claims for quiet title, unjust enrichment, slander of title, and conversion.

(ECF No. 66.) Wells Fargo then moved to dismiss the FAC for failure to state a claim under Rule 12(b)(6). (ECF No. 79.) Evergreen, Steven, and U.S. Bank once again joined in Wells Fargo's motion to dismiss. (ECF No. 81.)

On December 6, 2016, the Court granted the motion to dismiss, holding in part that the HOA's foreclosure sale could not have extinguished the DOT because the sale was conducted pursuant to NRS 116.3116, and the Ninth Circuit had recently ruled in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), that the statute's opt-in notice provisions are facially unconstitutional. LVDG now argues that the Court committed error in granting the motion to dismiss on this basis, and asks the Court to reconsider its ruling. (Mot. Recon., ECF No. 95.)

## II. LEGAL STANDARDS

Granting a motion to reconsider is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In some cases, "other, highly unusual, circumstances" may also warrant reconsideration. *Id.*

However, a motion to reconsider "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945; *see also United States v. Lopez-Cruz*, 730 F.3d 803, 811–12 (9th Cir. 2013). Moreover, "[a] motion to reconsider is not a second chance for the losing party to make its

strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir.), *cert. denied*, 136 S. Ct. 537 (2015).

**III. ANALYSIS**

    **a. The Scope and Effect of *Bourne Valley***

In *Bourne Valley*, the Ninth Circuit held that the "opt-in notice scheme" of NRS 116.3116—included in the statute until its amendment in October 2015—was facially unconstitutional because it violated the procedural due process rights of mortgage lenders. In its ruling, the Court of Appeals found the state action requirement of the petitioner's Fourteenth Amendment challenge was met, because "where the mortgage lender and the homeowners' association had no preexisting relationship, the Nevada Legislature's enactment of the Statute is a 'state action.'" *Bourne Valley*, 832 F.3d at 1160. In other words, because a mortgage lender and HOA generally have no contractual relationship, it is only by virtue of NRS 116.3116 that the mortgage lender's interest is "degraded" by the HOA's right to foreclose its lien. *Id.* Accordingly, by enacting the statute, the Legislature acted to adversely affect the property interests of mortgage lenders, and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159 (quoting *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983)). The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.* at 1159.

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS 116.3116 would pass constitutional muster. *See United States v. Salerno*, 481

U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *see also William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to facial procedural due process challenge under the Fourteenth Amendment); *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 789 (9th Cir. 2014) (applying *Salerno* to facial substantive due process challenge under the Fifth and Fourteenth Amendments). The fact that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Id.* To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See William Jefferson & Co.*, 695 F.3d at 963 ("If William Jefferson's as-applied challenge fails, then William Jefferson's facial challenge necessarily fails as well because there is at least one set of circumstances where application of § 31000.7 does not violate a taxpayer's procedural due process rights."); *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS 116.3116, which it pinpointed in NRS 116.31163(2). *Bourne Valley*, 832 F.3d at 1158; *see also Bank of Am., N.A. v. SFR Investments Pool 1 LLC*, No. 2:15-cv-691, 2017 WL 1043286, at *9 (D. Nev. Mar. 17, 2017) (Mahan, J.) ("The facially unconstitutional provision, as identified in *Bourne Valley*, is present in NRS 116.31163(2)."). In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which also provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are

unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

Accordingly, the HOA foreclosed under a facially unconstitutional notice scheme, and thus the HOA foreclosure cannot have extinguished the DOT.

### b. LVDG's Motion to Reconsider (ECF No. 95)

LVDG has not presented a basis for the Court to reconsider its order. There is no newly discovered evidence, the Court did not commit clear error, and there has been no intervening change in controlling law. LVDG asserts that the Nevada Supreme Court recently ruled contrary to *Bourne Valley*. *See Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg.*, 388 P.3d 970, 974 (Nev. 2017). But state court rulings on federal issues (i.e., the constitutionality of NRS Chapter 116 under the U.S. Constitution) are only potentially persuasive authority. The Ninth Circuit's rulings are binding on this Court. Moreover, to the extent LVDG now raises arguments it failed to raise in response to the motion to dismiss, the Court declines to consider them. A motion to reconsider "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945; *see also United States v. Lopez-Cruz*, 730 F.3d 803, 811–12 (9th Cir. 2013).

/ / /

/ / /

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 95) is DENIED.

IT IS SO ORDERED.

DATED: This 23rd day of May, 2017.

_____
ROBERT C. JONES
United States District Judge